United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,
Plaintiff,
v.
RAUL ANTONIO CRUZ-REYNOSO,
Defendant.

Case No. 26-cr-00359-EJD-1 (VKD)

**ORDER RE RELEASE PENDING REVOCATION HEARING**

Re: Dkt. Nos. 3, 7, 8, 10

On August 14, 2026, defendant Raul Antonio Cruz-Reynoso appeared pursuant to a summons in response to a July 29, 2026 petition charging that Mr. Cruz violated two conditions of his supervise release. Dkt. Nos. 3, 8. At the initial appearance, the United States did not move for detention pending a revocation hearing before the presiding judge, but requested instead that Mr. Cruz be released on the following conditions: (1) that he appear at all proceedings as ordered by the Court and surrender for service of any sentence imposed; (2) that he not commit any federal, state, or local crime; (3) that he not harass, threaten, intimidate, intimidate, injure, tamper with, or retaliate against any witness, victim, informant, juror, or officer of the Court or obstruct any criminal investigation; (4) that he report to Probation "on a regular basis"; and (5) that he undergo treatment for drug or alcohol dependency as ordered by Probation. Dkt. No. 7 at 2; Dkt. No. 8. The Probation Officer concurred in the government's motion. Mr. Cruz objected that he should be released without conditions and without continued supervision by Probation, observing that his term of supervised release ended on July 30, 2026 and the United States' proposed conditions were unnecessary to reasonably assure Mr. Cruz's appearance for Court as required and the safety of others and the community. Dkt. No. 8. As Mr. Cruz was no longer subject to supervision by

United States District Court
Northern District of California

Probation at the time of the initial appearance, the Court asked the parties to brief whether this Court had authority to impose the conditions requested by the United States pending a revocation hearing before the presiding judge.

The Court has considered the parties' further submissions (Dkt. Nos. 7, 10). While the Court lacks authority to extend Mr. Cruz's term of supervise release, or to require that he continue to comply with all conditions of supervision set by the presiding judge, the parties agree that the Court has authority under 18 U.S.C. § 3143 to detain or release Mr. Cruz, pending a revocation hearing, including the authority to impose conditions of release. *See* Dkt. No. 7 at 1-2 (citing *United States v. Loya*, 23 F.3d 1529, 1531 (9th Cir. 1994)); Dkt. No. 10 at 1 (same); *see also* Fed. R. Crim. P. 46(d). The parties also agree that Mr. Cruz bears the burden of demonstrating by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of others or the community. *See* Dkt. No. 7 at 2 (citing Fed. R. Crim. P. 32.1(a)(6)); Dkt. No. 10 at 1(same).

The Court has considered the proffers and arguments of counsel for Mr. Cruz and counsel for the United States at the hearing, the recommendation of the Probation Officer, as well as the matters alleged in the petition. *See* Dkt. Nos. 2, 7. The Court has also considered the factors set forth in 18 U.S.C. § 3142(g). As Mr. Cruz observes, the United States does not contend that he poses a risk of flight, and thus, the only question is whether he poses a danger to others or the community if he is permitting to remain out of custody without the conditions the United States requests. *See* Dkt. No. 7 at 1. With respect to danger, Mr. Cruz argues that apart from positive drug tests in 2024 and the conduct charged in the July 29, 2026 petition, he has complied with his conditions of supervision. *Id.* at 2; Dkt. No. 8 (hearing). He argues that the proposed condition requiring him to submit to drug or alcohol treatment is not warranted based on allegations that Mr. Cruz used marijuana on one occasion and cocaine on another occasion after years of successful compliance with his drug testing supervision condition. Dkt. No. 10 at 2. Further, Mr. Cruz argues that the proposed condition requiring him to regularly report to Probation is tantamount to reinstating his supervision after it has expired and is, in any event, not warranted to reasonably assure the safety of others and the community. *Id.* The United States responds that the conduct alleged in the petition indicates that Mr. Cruz has substance abuse problem that is "yet-to-be-

controlled" and that this substance abuse problem threatens his safety as well as the safety of those around him if left untreated. Dkt. No. 7 at 3.

On this record, the Court finds that the two instances of alleged substance abuse occurring approximately 7 weeks apart (i.e., May 30, 2026 and July 21, 2026) do not support a finding that Mr. Cruz has a substance abuse problem requiring treatment. However, the alleged substance abuse, particularly the alleged use of cocaine (and perhaps also methamphetamine) on July 21, 2026, does suggest that some supervision is necessary to protect both Mr. Cruz and the community. The Court finds that Mr. Cruz has met his burden to show by clear and convincing evidence that conditions may be imposed to reasonably assure his appearance for Court as required and to reasonably assure the safety of others and the community, and orders as follows:

1. Mr. Cruz shall remain out of custody pending a revocation hearing, during which time he shall comply with the following conditions:
    a. He must appear at all proceedings as ordered by the Court and must surrender for service of any sentence imposed.
    b. He must not commit any federal, state, or local crime.
    c. He must not harass, threaten, intimidate, injure, tamper with, or retaliate against any witness, victim, informant, juror, or officer of the Court, or obstruct any criminal investigation.[1]
    d. He must submit to drug testing as directed by his Probation Officer.
2. No bond is required.

**IT IS SO ORDERED.**

Dated: August 20, 2026

Virginia K. DeMarchi
Virginia K. DeMarchi
United States Magistrate Judge

[1] The relevant provisions of 18 U.S.C. §§ 1503, 1510, 1512, and 1513 are summarized in an attachment to this order.

**Attachment**

Defendant is advised of the following penalties and sanctions:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both. While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.,* in addition) to any other sentence you receive. It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing. If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of: (1) an offense punishable by death, life imprisonment, imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than ten years, or both; (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both; (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both; (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both. A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.